# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**PEDRO FIGUEROA**
     **Petitioner,**

  **v.**            **Case No. 05C1027**

**LARRY JENKINS**[1]
     **Respondent.**

---

## <u>ORDER</u>

On September 26, 2005, Pedro Figueroa filed a petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Racine County Circuit Court of sexual assault of a minor. He was sentenced to 50 years imprisonment and is currently incarcerated at Kettle Moraine Correctional Institution.

On June 14, 2002, in case number 02-C-0583 (E.D. Wis.), petitioner filed a petition for a writ of habeas corpus asserting some of the same grounds that he asserts in the present petition. On December 9, 2002, I granted petitioner's motion to stay those proceedings. Petitioner never moved to reopen that case. Because petitioner asserts similar grounds in both motions, I will consolidate the two cases and treat his new filing as an amended petition. <u>See</u> Fed. R. Civ. P. 42 (a) (stating that "[w]hen actions involving a

---

[1]Petitioner named Cathy Farrey, warden of the New Lisbon Correctional Institution, as respondent. The proper respondent is "the state officer having custody of the applicant." Rule 2(a) of the Rules Governing § 2254 Cases. Because petitioner is incarcerated at the Kettle Moraine Correctional Institution, the proper respondent is Larry Jenkins, warden of the Kettle Moraine Correctional Institution. I have amended the caption accordingly.

common question of law or fact are pending before the court, it may order a joint hearing . . . of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay"). Petitioner is advised that because I am treating his petition in case number 05-C-1027 as an amended petition, he is only proceeding on claims raised in the amended petition. Petitioner may file another amended petition if he wishes to raise any other claims. Future filings should bear case number 05-C-1027. I will close case number 02-C-0583.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner appears to raise a claim that his trial and appellate counsel were ineffective. Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under Strickland v. Washington, 466 U.S. 668 (1984), and its progeny. Thus, petitioner presents at least one colorable constitutional issue.

Petitioner filed with his petition an application for leave to proceed in forma pauperis. However, in case number 02-C-0583, he paid the $5.00 filing fee. Because I am consolidating the two cases, I will deny his request to proceed in forma pauperis as moot.

2

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims:  (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply:  briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

**FURTHER, IT IS ORDERED** that petitioner's request for leave to proceed in forma pauperis is **DENIED AS MOOT.**

**FURTHER, IT IS ORDERED** that case number 02-C-0583 be closed. All future filings relating to Figueroa's petition for a writ of habeas corpus shall bear case number 05-C-1027.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent Larry Jenkins and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 4 day of October, 2005.


/s_____
LYNN ADELMAN
District Judge

4