# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PEDRO FIGUEROA**
        **Petitioner,**

    v.                                      **Case No. 05C1027**

**LARRY JENKINS**
        **Respondent.**

## ORDER

On September 26, 2005, Pedro Figueroa filed a petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Thereafter, respondent filed an answer and this court established a briefing schedule. On January 31, 2006, petitioner filed a brief "in Opposition of Respondents Answer to Petition for a Habeas Corpus." At the same time, he filed a motion for a "2nd or Successive Petition For a Writ of Habeas Corpus." At my request, petitioner clarified that he intended that motion to be one to amend his complaint, and I gave him 45 days to amend his complaint. On May 2, 2006, petitioner filed a document entitled "Petitioner's Brief in Opposition of Respondents Answer to Petition for a Habeas Corpus." Unsure of whether I should construe that document as an amended petition or whether petitioner intended that filing to be a brief in support of his unamended petition, I issued an order requesting that petitioner clarify his intent.

On July 20, 2006, petitioner filed a letter stating that the document that he filed was a brief in support of his unamended petition, and requested further that I issue a briefing schedule. Given the petitioner's latest letter, I will treat petitioner's motion for leave to amend his habeas petition as moot, and treat his original complaint, filed on September 26, 2005, as live. Thus, there is no need to clarify a briefing schedule, as the case has already been fully

briefed (respondent answered the complaint on October 26, 2005, and petitioner replied to that answer on May 2, 2006).

Petitioner should take notice that there may be only one complaint in his habeas corpus action.[1] As such, this case may proceed in only one of two ways: this court can treat the original complaint as live and the briefing as completed, or it can treat the May 2 document, or some other document, as an amended complaint, and set a briefing schedule for the respondent to file a new answer and the petitioner to reply to that answer. As I stated above, I will proceed as if the case has been fully briefed. If the court has misinterpreted petitioner's intentions, then petitioner must clarify that with the court within 21 days.

**THEREFORE, IT IS ORDERED** that if petitioner does not want the court to treat his May 2 document as a reply brief to respondent's answer to petitioner's unamended complaint, and thus the case as fully briefed and ready for decision, petitioner must clarify his intentions with the court within 21 days.

Dated at Milwaukee, Wisconsin, this 2 day of August, 2006.

/s
LYNN ADELMAN
District Judge

---

[1] Petitioner should also note that, as only one document may act as his complaint, that document must contain all of the grievances that he wants me to consider.