# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PEDRO FIGUEROA,**
    **Petitioner,**

  v.              Case No. 05C1027

**LARRY JENKINS,**
    **Respondent.**

## DECISION AND ORDER

Pedro Figueroa, a Wisconsin state prisoner serving a fifty-year sentence for repeated sexual assault of a child, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### I. BACKGROUND FACTS

In 1998, petitioner stood trial on four criminal charges: (1) repeated sexual assault of the same child, (2) intentionally causing a child to view sexually explicit conduct, (3) intimidating a victim and (4) sexual exploitation of a child. The jury convicted petitioner of the first two charges and acquitted him of the second two charges. Petitioner then brought a post-conviction motion. At the post-conviction hearing, the prosecutor conceded that Wis. Stat. § 948.025 barred the State from charging petitioner with sexual assault of a child and sexual exploitation of that same child, and thus it erred in charging petitioner with both crimes. The prosecutor asserted, though, that such error had been harmless because petitioner had been acquitted of the exploitation charge, and the post-conviction court agreed.

On appeal, petitioner argued that the State's evidence supporting the impermissible

exploitation charge prejudiced the jury. The Wisconsin court of appeals disagreed. It noted that the exploitation charge was based on evidence that petitioner had taken a nude picture of the child victim and that petitioner's defense had been that he did not take the picture. The court found that the State's evidence relating to the picture was relevant to the sexual assault charge because it permitted an inference that petitioner had a sexual interest in the victim. It further found that petitioner's defense would not have been different had the photograph evidence been presented solely in support of the assault charge.

In 2002, petitioner filed a motion for post-conviction relief under Wis. Stat. § 974.06. In it, he asserted ineffective assistance of trial counsel, ineffective assistance of appellate counsel for failing to challenge his trial counsel, prosecutorial misconduct and jury bias. The trial-level court denied such petition without a hearing. Petitioner appealed. The court of appeals noted that petitioner's motion was "convoluted" and stated:

> Figueroa's brief lacks discernible organization. It runs many of his claims together and repeats them. To the extent we do not address each nuance of his claims, we deem them to lack sufficient merit or importance to warrant individual attention. An appellate court is not a performing bear, required to dance to each and every tune played on appeal.

(Ans. Ex. L at 3 (internal quotations and citation omitted).) As to petitioner's ineffective assistance claims relating to the admission of evidence of the nude photograph, the court found that its prior determination that the admission of such evidence by reason of the exploitation charge was harmless error was fatal to such claims.

Reading his petition generously, petitioner may be raising four claims in this court: (1) the trial-level court erred in resolving petitioner's state habeas petition, as state law provides that such claim should have gone to the court of appeals; (2) petitioner's trial

2

counsel was ineffective for not objecting to the evidence supporting the exploitation charge; (3) petitioner's post-conviction and appellate counsel were ineffective for not challenging petitioner's trial counsel's performance; and (4) both the trial-level and appellate courts violated petitioner's right to equal protection of the laws by refusing to address each of the claims in his § 974.06 motion.

## II. DISCUSSION

A district court may grant a petition for a writ of habeas corpus only where the state court's decision on the issue was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or where such decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

Petitioner's first claim – that the appellate court, rather than the trial-level court, should have in resolved petitioner's § 974.06 motion – is not a constitutional concern and is not cognizable in a habeas petition. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (holding that federal habeas relief may not be granted based on errors of state law).

Petitioner's claims of ineffective assistance of trial, post-conviction and appellate counsel are meritless. In order to prevail on an ineffective assistance claim, petitioner must show that his lawyer performed deficiently and that such deficient representation prejudiced him. Strickland v. Washington, 466 U.S. 668 (1984). In denying petitioner's claims of ineffective assistance relating to the nude photograph evidence, the Wisconsin court of appeals did not clarify whether petitioner's claims failed on the performance prong or the prejudice prong of the Strickland test. However, its analysis – referring petitioner to its original appellate decision in his case – supports a legal conclusion that petitioner's

3

claims fail on both prongs. As the court of appeals had found that state law would have permitted the prosecutor to present evidence that petitioner took a nude photograph of the victim in the absence of the exploitation charge, petitioner's trial counsel's failure to object to the evidence when it was proffered in support of the exploitation charge would not constitute deficient performance. Further, because an objection would not have affected the admission of the evidence, any deficiency in performance could not have been prejudicial.

Petitioner's final claim is that the state courts refused to address each of the claims in his pro se habeas petition due to his limited English abilities. Under the fourteenth amendment's equal protection clause, governmental entities are generally required to treat all similarly-situated persons in a similar manner. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). An equal protection claim arises only from intentional or purposeful discrimination. David K. v. Lane, 839 F.2d 1265, 1271 (7th Cir. 1988). Petitioner has not presented any reason to believe that the state courts discriminated against him due to his English language fluency, intentionally or otherwise. In deciding petitioner's state habeas motion, the court of appeals noted that petitioner's brief was poorly organized and stated that it would not address claims that were patently meritless. These statements do not show any sort of discrimination. Indeed, the court's eleven-page decision addressing several of petitioner's claims shows that the court put forth a serious effort to reach the merits of each of petitioner's conceivably meritorious claims.

**Therefore,**

**IT IS ORDERED** that Pedro Figueroa's petition for a writ of habeas corpus is

**DENIED**.

      **IT IS FURTHER ORDERED** that this action is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 2 day of April, 2007.

                              /s_____
                              LYNN ADELMAN
                              District Judge